**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Rodrick L. Jones,

        Petitioner,                  Case Number: 2:20-CV-10710

v.                                      HONORABLE PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Les Parish,

        Respondent.
_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE
UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Rodrick L. Jones, a state prisoner in the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his convictions for first-degree home invasion, Mich. Comp. Laws § 750.110a, and bribing, intimidating, or interfering with a witness, Mich. Comp. Laws § 750.122. For the reasons explained below, the Court will transfer the petition to the Sixth Circuit Court of Appeals as a second or successive petition.

**I. Background**

Petitioner was convicted following a bench trial in Isabella County Circuit Court. On January 28, 2008, he was sentenced as a third habitual offender to 6 to 20 years for the first-degree home invasion conviction and 6 to 15 years for the bribing, intimidating, or interfering with a witness conviction.

In 2013, after unsuccessfully challenging his convictions on direct review, Petitioner filed a petition for writ of habeas corpus in this Court. The petition was dismissed with prejudice because it was not filed within the one-year limitations period. *See Jones v. Curtin*, No. 13-cv-11778 (E.D. Mich. Dec. 30, 2013) (Friedman, J.). The Court also denied a certificate of appealability. *See id.* The Court of Appeals denied a certificate of appealability. *Penny v. Burke*, No. 97-2213 (6th Cir. June 3, 1998).

On February 28, 2020, Petitioner filed his current habeas petition.

## II. Discussion

A petitioner challenging a state court judgment under 28 U.S.C. § 2254 must "seek authorization in a federal appeals court before filing a 'second or successive application' in district court. 28 U.S.C. § 2244(b)(3)(A)." *In re Stansell,* 828 F.3d 412, 414 (6th Cir. 2016). A habeas petition is "second or successive" for purposes of 28 U.S.C. § 2244(b) if the petition challenges the same conviction(s) challenged in a prior petition and the prior petition was decided on the merits. *In re William Garner*, 612 F.3d 533, 535 (6th Cir. 2010), citing *In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000). Federal "district courts lack jurisdiction to consider 'second or successive' habeas applications without prior authorization from the appropriate Court of Appeals." *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016).

Petitioner's earlier habeas petition was dismissed because it was not filed within the applicable one-year statue of limitations. A dismissal for untimeliness constitutes a dismissal on the merits for purposes of the successive petition rule. *In re Cook,* 215 F.3d

606, 608 (6th Cir. 2000). Therefore, the current petition is "second or successive" to the 2013 petition and Petitioner was required to seek preauthorization from the Court of Appeals before filing the petition here, which he did not do. When a successive petition is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court ORDERS the Clerk of Court to transfer this case to the Sixth Circuit Court of Appeals for a determination of whether this Court may adjudicate the merits of the petition.

SO ORDERED.

Dated: April 13, 2020                                      s/Paul D. Borman
                                                                                      Paul D. Borman
                                                                                      United States District Judge

---

[1] Section 1631 states:

[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ..., and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it was transferred.

28 U.S.C. § 1631.